## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BUTTERS LIVING TRUST,

      Plaintiff,

v.

SWEPI, LP; ULTRA RESOURCES, INC.; and TALISMAN ENERGY USA, INC.

      Defendant.

CIVIL ACTION NO. 4:12-CV-02010

JUDGE MATTHEW W. BRANN

(Chief Magistrate Judge Martin C. Carlson)

## SECOND AMENDED COMPLAINT IN CIVIL ACTION SEEKING TO QUIET TITLE AND REQUESTING DECLARATORY RELIEF PURSUANT TO Pa.C.S.A. § 7531, et seq.

AND NOW, comes the Plaintiff, Butters Living Trust, by and through its undersigned counsel, Robert J. Burnett, Esquire and Houston Harbaugh, P.C., and brings the within action against the above-named Defendants, and all other persons claiming any other title or interest in the oil and gas rights hereinafter described, to quiet title to those oil and gas rights situate in Richmond Township, Morris Township, Mansfield Borough, Covington Township, Charleston Township, Blossburg Borough, Tioga Borough and Middlebury Township, Tioga County, a description of which is set forth herein, and further declaring the Butters Living

Trust as the sole and exclusive owner of said oil and gas rights, and in support thereof, avers as follows:

## Parties

1.      The Plaintiff, Butters Living Trust (the "Trust"), is a trust organized and operating under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 54 Railroad Avenue, Mansfield, Tioga County, Pennsylvania 16933.

2.      The Defendant, SWEPI, LP ("SWEPI"), is a limited partnership organized and existing under the laws of the State of Delaware having a principal place of business located at 190 Thorn Hill Road, Warrendale, Pennsylvania 15086.

3.      The Defendant, Ultra Resources, Inc. ("Ultra"), is corporation organized and existing under the laws of the State of Wyoming having a principal place of business located at 400 North Sam Houston Parkway East, Suite 1200, Houston, Texas 77060.

4.      The Defendant, Talisman Energy USA, Inc. ("Talisman"), is a corporation organized and existing under the laws of the State of Delaware having a principal placed of business located at 50 Pennwood Place, Warrendale, Pennsylvania 15086.

### Venue and Jurisdiction

5.     This Honorable Court has jurisdiction over the subject matter of this dispute and over the parties pursuant to 28 U.S.C. §§ 1332.

6.     Venue in the Middle District of Pennsylvania is proper pursuant to 28 U.S.C. §1391(b).

### Background Facts

*A.     February 16, 2007 Lease*

7.     The Trust is the sole and exclusive owner of oil, gas and mineral rights underlying sixty-four (64) parcels of property located in Tioga County, Pennsylvania, totaling approximately 734.38 acres, more or less, all as more specifically described in Exhibit A attached hereto and incorporated by reference herein (referenced hereinafter as the "Trust Property").

8.     On or about February 16, 2007, the Trust and SWEPI's predecessor, East Resources, Inc. ("East"), entered into an oil and gas lease concerning the Trust Property (the "February 16, 2007 Lease").  A true and correct copy of the February 16, 2007 Lease is attached hereto as Exhibit B and incorporated by referenced herein.

9.     Pursuant to Paragraph 3 of the February 16, 2007 Lease, it was expressly agreed that the primary term of the Lease would be for a period of five (5) years commencing on February 16, 2007.

10.    At the time the parties executed the February 16, 2007 Lease, it was expressly agreed that East and/or any other lessee would not have the right, option or authority to extend the primary term of the Lease.

11.    The parties memorialized their agreement and understanding regarding the elimination of said lease extension by physically deleting said language from Paragraph 3 of the February 16, 2007 Lease and by mutually initializing said deletion on the February 16, 2007 Lease itself.

12.    At the time the parties executed the February 16, 2007 Lease, they also agreed to include an addendum to said Lease (the "Addendum").

13.    Paragraph 9 of the Addendum clarified the effect of pooling on non-pooled acreage by stating that:

> In the event a pooled unit is created which encompasses land located outside the lease premises and some, but not all, of the lease premises, any drilling or reworking operations on or production from a well located on that pooled unit shall continue this Lease in full force and effect but only as to that part of the lease premises contained within the pooled unit and only as to the deepest depth drilled. Five years from the date hereof and upon receipt of written notice of Lessor, Lessee shall surrender such portions of leased premises not contained within a pooled unit and those formations and horizons below the deepest depth drilled. Lessee shall have the option to extend any and all non-pooled acres for a period of five additional years under the same terms of this lease.

14.    On or about July 1, 2009, a portion of parcel 29-PL07-55 of the Trust Property, consisting of approximately 6.56 acres, was pooled and unitized into the Courtney H #255 Unit by SWEPI's predecessor, East (hereinafter referred to as "Pooled Acreage"). A true and correct copy of the July 1, 2009 Declaration of Pooling is attached hereto as Exhibit C.

15.    On or about March 1, 2010, a portion of parcel 29-PL07-056-04 of the Trust Property, consisting of approximately 0.87 acres, was pooled and unitized into the West S #299 Unit by SWEPI's predecessor, East (hereinafter referred to as "Pooled Acreage"). A true and correct copy of the March 1, 2010 Declaration of Pooling is attached hereto as Exhibit D.

16.    On or about June 28, 2011, the Trust and SWEPI agreed to amend the February 16, 2007 Lease so that "…each parcel shall be considered, construed and treated as a separate Lease Agreement and right-of-way agreement but combined for the sole purpose of simplicity." A true and correct copy of the parties' June 28, 2011 Agreement is attached hereto as Exhibit E.

17.    On or about January 11, 2012, SWEPI mistakenly attempted to "extend" the primary term of the February 16, 2007 Lease by tendering a check in the amount of $72,303 to the Trust.

18.     Since the Trust and SWEPI previously agreed to delete and eliminate the right or authority to extend the primary term, the Trust rightfully and correctly rejected the $72,303 check and SWEPI's attempt to extend the primary term.

19.     Pursuant to the February 16, 2007 Lease itself, SWEPI's attempt to extend the primary term was ineffective, void and of no legal effect.

20.     As of February 16, 2012, the remaining 726.95 acres of the Trust Property was not pooled, combined and/or unitized into any drilling or production unit ("Non-Pooled Acreage").

21.     As of February 16, 2012, there was no well producing gas anywhere on the Trust Property.

22.     Pursuant to Paragraph 3 of the February 16, 2007 Lease and Paragraph 9 of the Addendum, the February 16, 2007 Lease automatically terminated as to the Non-Pooled Acreage at midnight on February 16, 2012.

23.     On June 29, 2012, counsel for the Trust requested that SWEPI execute and file an appropriate "Lease Surrender" with respect to the Non-Pooled Acreage.

24.     On July 19, 2012, SWEPI responded to counsel's June 29, 2012 letter and refused to sign the proffered Lease Surrender.

25.     To date, SWEPI has neglected, failed and/or refused to execute and file the proffered Lease Surrender and has continued to wrongfully assert and/or

maintain an alleged interest in the hydrocarbon formations beneath the Non-Pooled Acreage.

B.     *Ultra and Talisman's Interests in the February 16, 2007 Lease*

26.     On or about January 22, 2008, SWEPI's predecessor, East, and Ultra executed a Partial Assignment of Oil and Gas Leases wherein East allegedly assigned to Ultra a fifty percent (50%) working interest in certain acreage covered by the February 16, 2007 Lease. Upon information and belief, it is averred that this acreage was and is comprised solely of Non-Pooled Acreage. A true and correct copy of the January 22, 2008 Partial Assignment of Oil and Gas Leases is attached hereto as Exhibit F.

27.     It is believed and therefore averred in or around 2009, SWEPI's predecessor, East, allegedly assigned to Talisman a one hundred percent (100%) working interest in 1.75 acres covered by the February, 16, 2007 Lease. Upon information and belief, it is further believed and therefore averred that this 1.75 acres was and is comprised solely of Non-Pooled Acreage.

28.     It is averred that due to the expiration and/or termination of the February 16, 2007 Lease on February 16, 2012, the alleged working interests of Ultra and Talisman also expired and/or terminated at that time.

29.    To date, neither Ultra nor Talisman have recorded or filed any documentation acknowledging the expiration and/or termination of their respective working interest under the February 16, 2007 Lease or surrendering the same.

## COUNT I
## Butters Living Trust v. SWEPI, LP,
## Ultra Resources, Inc., and Talisman Energy USA, Inc.
Quiet Title

30.    The Trust incorporates by reference paragraphs one (1) through twenty-three (23) as though set forth at length herein.

31.    Title to the hydrocarbon formations underlying the Non-Pooled Acreage is clouded and impaired as a result of the recorded but expired February 16, 2007 oil/gas lease, which is of record in the Office of the Recorder of Deeds of Tioga County in Deed Book 771, Page 5874.

32.    Title to the deep hydrocarbon formations underlying the Pooled Acreage is clouded and impaired as a result of the recorded but expired February 16, 2007 oil/gas lease.

33.    By the reason of the clouding and impairment of the Trust's title to the oil and gas underlying the Non-Pooled Acreage, and the deep hydrocarbon formations underlying the Pooled Acreage, the Trust has been denied the lawful opportunity to market and develop said hydrocarbon formations, all of which has been to the financial detriment of the Trust.

WHEREFORE, Plaintiff Butters Living Trust respectfully requests judgment in its favor and against SWEPI, LP Ultra Resources, Inc. and Talisman Energy USA, Inc. as follows:

(a)   Quieting title to the ownership interest in or to the hydrocarbon formations underlying the Non-Pooled Acreage against the Defendants and all persons claiming under the Defendants;

(b)   A decree to declare and adjudge that the Butters Living Trust owns in fee simple the one hundred percent (100%) ownership interest in all hydrocarbon formations underlying the Non-Pooled Acreage and that the Defendants and all persons claiming under the Defendants have no estate, right, title, lien or interest in or to said hydrocarbon formations or any part thereof;

(c)   A decree to permanently enjoin the Defendants and persons claiming under the Defendants from asserting, maintaining or claiming any estate, right, title, lien or interest in or to any and all hydrocarbon formations underlying the Non-Pooled Acreage adverse to that of the Butters Living Trust;

(d)   Quieting title to the ownership interest in or to the deep hydrocarbon formations underlying the Pooled Acreage against the Defendants and all persons claiming under the Defendants;

(e)   A decree to declare and adjudge that the Butters Living Trust owns in fee simple the one hundred percent (100%) ownership interest in all deep hydrocarbon formations underlying the Pooled Acreage and that the Defendants, and all persons claiming under the Defendants, have no estate, right, title, lien or interest in or to said deep hydrocarbon formations or any part thereof;

(f)   A decree to permanently enjoin the Defendants, and persons claiming under the Defendants, from asserting, maintaining or claiming any estate, right, title, lien or interest in or to any and all deep hydrocarbon formations underlying the Pooled Acreage adverse to that of the Butters Living Trust;

(g)   An award of costs and counsel fees incurred in the preparation and prosecution of this action;

(h)   For such other relief as this Honorable Court may deem just and proper.

## COUNT II
### Butters Living Trust v. SWEPI, LP, Ultra Resources, Inc., and Talisman Energy USA, Inc.
Declaratory Relief Pursuant to 42 Pa.C.S.A. §7531, *et seq.*

34.   The Trust incorporates by reference paragraphs one (1) through twenty-seven (27) as though set forth at length herein.

35.   In the alternative, the Trust requests a determination from this Honorable Court affirming its exclusive, sole and complete ownership of all hydrocarbon formations and/or oil/gas interests underlying the Non-Pooled Acreage.

36.   The Trust further seeks a declaration and/or determination from this Honorable Court that the February 16, 2007 Lease has, and is, terminated with respect to the Non-Pooled Acreage and is of no further legal effect as to said Non-Pooled Acreage.

37.   The Trust further seeks a declaration and/or determination from this Honorable Court that the February 16, 2007 Lease has, and is, terminated with respect to the "deepest depth drilled" underlying the Pooled Acreage and that said deep hydrocarbon formations were therefore released and/or surrendered as of February 16, 2012.

WHEREFORE, Plaintiff Butters Living Trust, in the alternative, respectfully requests that this Honorable Court enter an Order declaring:  i) that the Trust is the exclusive and sole owner of all hydrocarbon formations underlying the Non-Pooled Acreage, ii) that the February 16, 2007 oil/gas lease terminated as to the Non-Pooled Acreage on February 16, 2012, iii) that the February 16, 2007 oil/gas lease terminated as to the deepest depths drilled underlying the Pooled Acreage of February 16, 2012, iv) that SWEPI, LP, Ultra Resources, Inc., and Talisman Energy USA, Inc., surrender and release all hydrocarbon formations underlying the Non-Pooled Acreage, v) that SWEPI, LP, Ultra Resources, Inc. and Talisman Energy USA, Inc. surrender and release all deep hydrocarbon formations underlying the Pooled Acreage, and vi) such other relief as this Honorable Court deems appropriate and just.

Respectfully submitted,

Dated: April 17, 2014

/s/ Robert J. Burnett
Robert J. Burnett, Esquire
PA. I.D. No. 76734
HOUSTON HARBAUGH, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA  15222-1005
(412) 281-5060
(412) 281-4499 (fax)
E-mail: rburnett@hh-law.com
*Counsel for Butters Living Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, April 17, 2014, a true and correct copy of the foregoing Amend Complaint in Civil Action Seeking to Quiet Title and Requesting Declaratory Relief Pursuant to 42 Pa.C.S.A. § 7531, et seq. was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all registered users, including the below-listed counsel for Defendant SWEPI, LP and the undersigned will notify all other parties via Federal Express as indicated below.

**VIA CM/ECF System Notification**

Jeremy A. Mercer, Esquire
Fulbright & Jaworski LLP
Southpointe Energy Complex
370 Southpoint Boulevard, Suite 300
Canonsburg, PA 15317

**VIA Federal Express**

Ultra Resources, Inc.
400 North Sam Houston Parkway East,
Suite 1200
Houston, TX 77060

Talisman Energy USA, Inc.
50 Pennwood Place
Warrendale, PA 15086

/s/ Robert J. Burnett
Robert J. Burnett, Esquire
PA. ID. No. 76734
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
412-281-5060
rburnett@hh-law.com