# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUTTERS LIVING TRUST, | : | No.  4:12-CV-02010 |
| | : | |
| Plaintiff, | : | JUDGE MATTHEW W. BRANN |
| | : | |
| v. | : | (Chief Magistrate Judge Martin C. |
| | : | Carlson) |
| SWEPI, LP; ULTRA RESOURCES, | : | |
| INC.; and TALISMAN ENERGY | : | *Electronically Filed* |
| USA INC., | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Talisman Energy USA Inc. ("Talisman"), by its undersigned counsel, respectfully files the following Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiff Butters Living Trust (the "Trust"):

## Allegations Concerning the Parties

1.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 1 of the Complaint.  Said allegations are, therefore, denied.

2.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 2 of the Complaint.  Said allegations are, therefore, denied.

3.     Upon information and belief, the allegations set forth in Paragraph 3 of the Complaint are admitted.

4.     Admitted, with the exception that Talisman has no comma in its name.

## Venue and Jurisdiction Allegations

5.     The allegations set forth in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, the allegations set forth in Paragraph 5 of the Complaint are denied.

6.     The allegations set forth in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, the allegations set forth in Paragraph 6 of the Complaint are denied.

## Background Allegations

7.     The allegations set forth in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied inasmuch as any evidence of the Trust's alleged ownership of oil, gas and mineral rights in Tioga County, Pennsylvania are or should be set forth in public records and/or other written documents which speak for themselves.

8.      The allegations set forth in Paragraph 8 of the Complaint are denied as stated.  The Agreement attached to the Complaint as Exhibit B is a written document which speaks for itself.

9.      The allegations set forth in Paragraph 9 of the Complaint are denied as stated.  The Agreement attached to the Complaint as Exhibit B is a written document which speaks for itself.

10.      The allegations set forth in Paragraph 10 of the Complaint are denied as stated.  The Agreement attached to the Complaint as Exhibit B is a written document which speaks for itself.

11.      The allegations set forth in Paragraph 11 of the Complaint are denied as stated.  The Agreement attached to the Complaint as Exhibit B is a written document which speaks for itself.

12.      The allegations set forth in Paragraph 12 of the Complaint are denied as stated.  The Agreement attached to the Complaint as Exhibit B and the Addendum are written documents which speak for themselves.

13.      The allegations set forth in Paragraph 13 of the Complaint are denied as stated.  The Agreement attached to the Complaint as Exhibit B and the Addendum are written documents which speak for themselves.

14.      After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations

set forth in Paragraph 14 of the Complaint.  Said allegations are, therefore, denied. By way of further answer, the Declaration of Pooling attached to the Complaint as Exhibit C is a written document which speaks for itself.

15.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 15 of the Complaint.  Said allegations are, therefore, denied. By way of further answer, the Declaration of Pooling attached to the Complaint as Exhibit D is a written document which speaks for itself.

16.     The allegations set forth in Paragraph 16 of the Complaint are denied as stated.  The June 28, 2011 Agreement attached to the Complaint as Exhibit E is a written document which speaks for itself.

17.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 17 of the Complaint.  Said allegations are, therefore, denied.

18.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 18 of the Complaint.  Said allegations are, therefore, denied.

19.     The allegations set forth in Paragraph 19 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied.

20.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 20 of the Complaint.  Said allegations are, therefore, denied.

21.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 21 of the Complaint.  Said allegations are, therefore, denied.

22.     The allegations set forth in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied.

23.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 23 of the Complaint.  Said allegations are, therefore, denied.

24.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 24 of the Complaint.  Said allegations are, therefore, denied.

25.     After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the allegations set forth in Paragraph 25 of the Complaint.  Said allegations are, therefore, denied.

26.     The allegations set forth in Paragraph 26 of the Complaint are admitted in part and denied in part.  Talisman admits that it appears East and Ultra

executed the Partial Assignment of Oil and Gas Lease attached to the Complaint as Exhibit F.  After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint.  Said allegations are, therefore, denied.

27.    The allegations set forth in Paragraph 27 of the Complaint are admitted in part and denied in part.  Talisman admits that East assigned to Talisman a one-hundred percent (100%) working interest in 1.75 acres covered by the Lease dated February 16, 2007.  After reasonable investigation, Talisman is without knowledge or information sufficient to form a belief at this time as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint.  Said allegations are, therefore, denied.

28.    The allegations set forth in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied.

29.    The allegations set forth in Paragraph 29 of the Complaint are admitted in part and denied in part.  Talisman admits that it has not filed any documentation relative to the alleged expiration, termination or surrender of its working interest identified in Paragraph 27 of the Complaint.  Talisman denies that:  (a) the Trust or any other entity or person has asked Talisman to file any such

documentation; (b) it is required by law or otherwise to file any such documentation; and (c) such interest has expired or terminated.

## COUNT I – Quiet Title

30.     Paragraph 30 of the Complaint is a paragraph of incorporation to which no response is required.  To the extent a response may be deemed to be required, Talisman incorporates by reference as if fully set forth herein Paragraphs 1 through 29 of its Answer.

31.     The allegations set forth in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied.

32.     The allegations set forth in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied.

33.     The allegations set forth in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response may be deemed to be required, said allegations are denied.

WHEREFORE, Defendant Talisman Energy USA Inc. denies that the Plaintiff is entitled to any relief whatsoever and, as such, respectfully requests a judgment in its favor and against the Plaintiff, along with an award of any relief the Court deems just and proper.

## COUNT II – Declaratory Relief

34.     Paragraph 34 of the Complaint is a paragraph of incorporation to which no response is required.  To the extent a response may be deemed to be required, Talisman incorporates by reference as if fully set forth herein Paragraphs 1 through 33 of its Answer.

35.     Talisman denies that the Trust is in any manner entitled to the relief requested in Paragraph 35 of the Complaint.

36.     Talisman denies that the Trust is in any manner entitled to the relief requested in Paragraph 36 of the Complaint, and further denies that the Lease has in any manner expired or terminated.

37.     Talisman denies that the Trust is in any manner entitled to the relief requested in Paragraph 37 of the Complaint, and further denies that the Lease has in any manner expired or terminated.

WHEREFORE, Defendant Talisman Energy USA Inc. denies that the Plaintiff is entitled to any relief whatsoever and, as such, respectfully requests a judgment in its favor and against the Plaintiff, along with an award of any relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Lease dated February 16, 2007 and attached to the Complaint as Exhibit B remains valid, effective and enforceable.

### THIRD AFFIRMATIVE DEFENSE

The assignment to Talisman referenced in Paragraph 27 of the Complaint remains valid, effective and enforceable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, acquiescence and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### EIGHTH AFFIRMATIVE DEFENSE

Talisman hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case and, accordingly, reserves the right to amend its Answer and Affirmative Defenses and to add any other defenses not set forth herein.

Respectfully submitted,

Dated:  June 20, 2014                    BUCHANAN INGERSOLL & ROONEY PC

By: /s/ Megan S. Haines
      Matthew F. Burger
      Pa. I.D. No. 74513
      Brian H. Simmons
      Pa. I.D. No. 84187
      Megan S. Haines
      Pa. I.D. No. 203590

      One Oxford Centre, 20th Floor
      301 Grant Street
      Pittsburgh, PA 15219
      (412) 562-8800

      *Attorneys for Defendant*
      *Talisman Energy USA Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 20, 2014, the foregoing Answer and

Affirmative Defenses was filed with the Clerk of Court using the CM/ECF system

which will send notification of such filing to all registered users, including the

below-listed counsel for Plaintiff and Defendant SWEPI LP:

Robert J. Burnett, Esq.
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222

*Counsel for Plaintiff*

Jeremy A. Mercer, Esq.
Norton Rose Fulbright LLP
370 Southpointe Blvd., Suite 300
Canonsburg, PA 15317

*Counsel for Defendant SWEPI LP*

/s/ Megan S. Haines